THE STATE v. COUGOT, *Appellant.*

Division Two, May 8, 1894.

Criminal Law: SEDUCTION: EVIDENCE: AGE OF PROSECUTRIX. A conviction of seduction of a female alleged to be under eighteen years of age can not be sustained, where the state's oral evidence as to her age was conclusively contradicted by the church record of her birth on which such oral evidence was based.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

REVERSED AND REMANDED.

*F. & Ed. L. Gottschalk* for appellant.

(1) Defendant proved by the record of the church, that the prosecutrix was born the last of May, 1874, so that at the time of the alleged seduction (latter part of

July or August, 1892), she was over eighteen years old; hence the defendant could not be guilty. This record evidence is in due form (sections 4848, 4849), complies with the statute and was admitted without objection. Evidence of the custom of the Catholic church requiring such a record to be kept, was also given;—it was not impeached in any shape or form. The prosecuting witness does not speak of her age from any general repute in the family, nor from her own knowledge acquired from a deceased member of the family, or from any relative; her only information is that obtained from Father Weldon, and he not being a member of the family, but a stranger, and knowing nothing about it himself, his statements would be entirely incompetent, being clearly hearsay; so that her testimony as to her age, is entirely incompetent and ought to have been disregarded. Besides the source of her information disproved the truth of her testimony. (2) The indictment charges and the statute requires that the female averred to have been seduced shall be of good repute. R. S. 1889, sec. 3486. The evidence shows the female in this case was not of good repute. See *State v. Thornton*, 108 Mo. 654; *State v. Eckler*, 106 Mo. 585.

*R. F. Walker*, Attorney General, and *C. O. Bishop* for the state.

(1) The indictment follows the language of the statute, and is in the approved form. R. S. 1889, sec. 3486; *State v. Primm*, 98 Mo. 368; *State v. Eckler*, 106 Mo. 585. The verdict is responsive to the issues, and in every way sufficient. (2) The instructions follow those given and approved in *State v. Wheeler*, 108 Mo. 658, with the amendment suggested by the court (665), as to the definition of "good repute." (3) The

court committed no error in the admission of any testimony over defendant's objections. The prosecutrix was a competent witness to prove her own age, subject to cross-examination as to her sources of information. *Hill v. Eldredge*, 126 Mass. 234; *Com. v. Stevenson*, 142 Mass. 466; *Cheever v. Congdon*, 34 Mich. 296; *State v. Cain*, 9 West Va. 559; *Railroad v. Coggin*, 73 Ga. 689; *Bain v. State*, 61 Ala. 75; *Cherry v. State*, 68 Ala. 29. The witness, Mrs. Homo (a first cousin of defendant), testified that she had known prosecutrix all her life, and that she was seventeen years old at the time of the alleged seduction. (4) The court committed no error in the exclusion of any testimony offered by the appellant. (5) The only error committed by the court was in favor of the appellant in admitting the purported certificate of baptism over the state's objection. *First*. There was no evidence of the identity of prosecutrix with the person therein alleged to have been baptized, as required by the law. 1 Greenleaf on Evidence [15. Ed.], sec. 493; *Morriney v. Ferry Co.*, 47 Mo. 520. *Second*. There was no competent evidence that the purported register was one required to be kept by the law and custom of the Roman Catholic church, which is a prerequisite to the admission of the register. R. S. 1889, secs. 4848, 4849. (6) There was no denial on the part of the defendant of either the promise of marriage or the seduction. The state having on her part proved the age of the female, her good repute, the promise of marriage and the seduction and debauching under that promise, made out a *prima facie* case, and the demurrer to the evidence was properly overruled. *State v. Thornton*, 108 Mo. 640. The state in the first instance showed her good repute as required by *State v. McCaskey*, 104 Mo. 644. Also corroborating circumstances of the

promise of marriage, held sufficient in *State v. Hill*, 91 Mo. 423; *State v. Brassfield*, 81 Mo. 151 (160).

GANTT, P. J.—The defendant was convicted of seducing Mary Ellen Whistler, and sentenced to three years' imprisonment, from which he appeals. The instructions of the court were clear and succinct statements of the law, and the evidence was sufficient to sustain the verdict in all respects save in respect to the age of the prosecutrix.

Over the objection of the defendant she was permitted to state generally that she was under the age of eighteen years at the time of the alleged seduction, but upon cross-examination, it was developed she was an orphan girl. Her father had died when she was two years old, and her mother, when she was five. She was born in Perry county, Missouri, and after her parents' death she was placed in the Guardian Angel Convent, in the city of St. Louis, and remained there until she was nine or ten years old, when she went out to work. She worked for various families until 1892.

She was asked how she learned she was eighteen years old, on May 30, 1893, and she answered: "I got the dates at Perry county, at the Seminary church, * * * ' last September (previous to the trial in June, 1893). I got no certificate because I never took a paper. * * * The priest looked at the book, and showed it to me. * * * I had to pay him fifty cents to do it for me. * * * I was down there last September. * * * Father Weldon showed me the book; I have no sister of the name of Mary, nor Mary Ellen; my name is Mary Ellen, Ella given, but Mary Ellen altogether; while down there (Perryville) in September, I spoke to Father Weldon about my age and he told me what my age was. * * * *He is the only one who gave me the information, and nobody else ever told*

*me.* The rest wouldn't tell me the truth, because when I'd ask them they didn't know; there is none of my sisters or brothers, none of 'em know; I read it on the book and it read 'born 1875.' It gave the date of baptism, but I have forgotten, it was May, not June 14."

Another witness, Theresa Homo, testified that the prosecutrix was eighteen years old in 1893, but she admitted that she was three or four years old when she first knew her, and she did not see her for a long time while she was in the convent. She differs from the prosecutrix as to her age when she left the convent. She thinks she was thirteen, and that it was only five years since she left that institution.

The defendant on this point offered evidence tending to show that, by the laws and customs of the Catholic church, a register of births and baptisms was required to be kept, and, without objection, read in evidence the following certificate and affidavit of Thomas J. Weldon, with the certificate of the notary:

"STATE OF MISSOURI, }
      Perry County.        }

"I, Thomas J. Weldon, certify: that by the law and custom of the Roman Catholic Church, of which the St. Mary's Seminary of Perry county, Missouri, is a member, a register of births, marriages, baptisms and deaths, is required to be kept; that such a register has been regularly kept by the St. Mary's Seminary, which register is now in my charge and keeping; that on said register there is the following entry of the year 1874, on page 295; that is to say:

"On the fourteenth day of June, I have baptized Mary Ellen, born in last May, of Charles Whistler and Mary Ann Tucker. Sponsors were John Miles and Mary Seifert.

                              "JAMES MORE, C. M.

"That said James More, C. M., who entered said item, was at that time a regularly ordained priest of the Roman Catholic Church.

"Thomas J. Weldon, C. M.,

"Sup'r.

"Subscribed and sworn to before me, the undersigned notary public for Perry county, on this eleventh day of June, 1893. Witness my hand and official seal, at my office in Perryville, county and state aforesaid.

"My commission as notary expires November 23, 1895.

"John J. Seibel,

"[SEAL] Notary Public."

And at the close of the case defendant requested the court to instruct the jury to find for defendant.

The sole contention of defendant here, is that his conviction was a glaring disregard of the evidence. That a witness may be permitted to state his, or her own age, subject to cross-examination as to the sources of his, or her information, is the settled practice. 1 Greenleaf on Ev. [15 Ed.], sec. 104, note *a*, p. 141; 1 Wharton's Law of Evidence [3 Ed.], sec. 208; *Hill v. Eldridge*, 126 Mass. 234; *Com. v. Stevenson*, 142 Mass. 466; *Cheever v. Congdon*, 34 Mich. 296; *State v. Cain*, 9 W. Va. 559, 560; *Railroad v. Coggin*, 73 Ga. 689.

But the question here arises as to the propriety of a conviction based upon such evidence, where it refers to a source of information that conclusively contradicts it. The prosecutrix testified that her only source of information as to her age was the Catholic priest, Weldon. She distinctly disavows any knowledge of the date of her birth, derived from any of her relatives. She says they did not know, and would not tell her. Her evidence, then, was based upon the alleged statement of the priest, who was not a relative, and had not

baptized her, or made the record, and his statement was pure hearsay.

But she went further; she testified that her father was named Charles Whistler, and her mother's maiden name was Mary Ann Tucker, and that she, the prosecutrix, was born in Perry county, and that she went to that county to ascertain the date of her birth and found it recorded in the "Seminary Church," at Perryville. According to her testimony she was not informed of the date of her birth, other than by the parish or church register of the Catholic church at Perryville. Having confined her proof by her testimony to the record, and thereby disclosed that there was better evidence, the defendant produced that record in the manner provided by section 4848 and 4849, R. S. 1889; and from the record, it appears she was born in May 1874, and consequently was over eighteen years old when the alleged seduction occurred.

This record was read without objection. The prosecutrix knew of its existence nine or ten months before the trial. Had she disclosed in her evidence in chief the existence of this record, and the fact that she was only attempting to state its contents, the rule requiring the *best evidence* would have demanded the exclusion of her statement of her age. But, having, under the general rule, given her evidence over the objections and exceptions of defendant, what protection is left the defendant when he produces the source of her evidence, and contradicts her by the very record to which she had appealed for corroboration of her testimony? Is it sufficient to say that the jury are the triers of the facts, and they might disregard the record, in the absence of all evidence tending to impeach its accuracy? Such a practice can not be sanctioned. Reluctant as we are to interfere with verdicts, when they have received the approval of the trial court, yet

it is the practice of this court, and it is our right, and our duty to interfere where the record shows that manifest injustice has been committed, or the verdict is not supported by the evidence. *State v. Mansfield*, 41 Mo. 470; *State v. Primm*, 98 Mo. 368.

The substantial evidence all agreed that the birth of the prosecutrix was recorded in the church register at Perryville. This was a conceded fact. The only competent proof of the contents of that register was offered by defendant, and shows that Mary Ellen Whistler was over eighteen years of age when she claims she was seduced. The judgment is reversed and cause remanded for a new trial. All of this division concur.