THE STATE v. GODDARD, *Appellant.*

Division Two, November 21, 1898.

1. **Murder:** VOLUNTARILY ENTERING DIFFICULTY: SELF-DEFENSE. An instruction that told the jury, "if they believed from the evidence that defendant voluntarily entered into the difficulty that resulted in the killing, then there is no self-defense in this case," is erroneous, because it entirely ignores the *intention* with which defendant entered the difficulty.

2. ——: ——: ——: DISTINCTIONS. When one enters into or seeks a difficulty in order that he may wreak his vengeance, he loses his right to self-defense. But if without any such felonious purpose he voluntarily enters a difficulty and in a heat of passion slays his adversary, the law will consider his intent and the absence of malice aforethought, and adjudge him guilty of manslaughter only.

3. **Criminal Practice:** CHANGE OF VENUE. Where the petition of the defendant in criminal prosecutions sets forth legal grounds for a change of venue and is supported by proper affidavits, and he has by his additional evidence made out a *prima facie* case, and the prosecuting attorney does not avail himself of his privilege to rebut it, the change should be awarded.

4. ——: EVIDENCE: DOORS. Doors of the room in which a homicide occurred are proper evidence to show the location of pistol balls therein, if by preliminary questions it is shown that they have remained in the same condition since the homicide.

5. ——: ——: BILL OF SALE FROM HUSBAND TO WIFE. A bill of sale from deceased to his wife, should be admitted in evidence if it tends to show *defendant's motive* for the murder.

6. ——: ——: PAPERS FOUND ON DECEASED: DUTY OF PROSECUTING ATTORNEY. The trial court should compel the prosecuting attorney to produce any papers found on the body of the deceased, if they tend to prove a motive for the killing, or if defendant has claimed such papers are forgeries.

*Appeal from Jackson Circuit Court.*—HON. GEORGE F. LONGAN, Special Judge.

REVERSED AND REMANDED.

*I. N. Watson* and *Warner, Dean, Gibson & Mc-Leod* for appellant.

(1)   The court erred in overruling defendant's application for a change of venue. *Freleigh v. State*, 8 Mo. 610; *State v. O'Rourke*, 55 Mo. 445; *State v. Turlington*, 102 Mo. 653; *State v. Sayers*, 58 Mo. 585; R. S. 1889, sec. 4153; Laws 1895, 162; *State v. Burgess*, 78 Mo. 234; *State v. Tatlow*, 136 Mo. 683.   (2)   The court erred in not excluding from the jury's consideration all evidence relating to the door introduced in evidence. *State v. Buchler*, 103 Mo. 208; Whar. Crim. Ev. [8 Ed.], sec. 767.   (3)   The court erred in admitting in evidence, over the objections of defendant, the bill of sale from Frederick J. Jackson, the deceased, to Lizzie Jackson, his wife, dated July 8, 1893. *State v. Parker*, 96 Mo. 389.   (4)   The court erred in refusing, upon defendant's motion, to compel the prosecuting attorney to exhibit and produce the papers found upon the body of the deceased, Frederick J. Jackson. R. S. 1889, secs. 2177, 2178 and 4204.   (5)   The court erred in failing to instruct the jury as to manslaughter in the fourth degree. *State v. Banks*, 73 Mo. 597; *State v. Maguire*, 113 Mo. 675; R. S. 1889, sec. 4208. (6) The court erred in giving instruction number six, which says:   "If you shall believe from the evidence that the defendant voluntarily entered into the difficulty that resulted in the killing of Frederick J. Jackson by the defendant, then there is no self-defense in this case." *State v. Lewis*, 118 Mo. 84; *State v. Partlow*, 90 Mo. 621; *Reed v. State*, 11 Tex. App. 509; *State v.*

*Gilmore*, 95 Mo. 560; *State v. Parker*, 96 Mo. 382; *State v. Berkley*, 92 Mo. 41.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

The "intent" which moved defendant to voluntarily enter into the difficulty being involved in cases where the plea of self-defense is interposed, in justice to the defendant, a proper instruction thereon should have been given. The jury were not told that the defendant had the right to act in self-defense, although he voluntarily entered into the difficulty, provided, he did not so enter into it for the purpose and with the intent to kill or do great bodily harm. In this error was committed. *State v. Partlow*, 90 Mo. 615; *State v. Rapp*, 142 Mo. 447; *State v. Golden*, 25 Ga. 532. We, therefore, deem it unnecessary to prepare a brief upon the questions involved in the record.

GANTT, P. J.—From a conviction of murder in the second degree defendant appeals to this court. The homicide occurred on the Woodland hotel in Kansas City, Missouri, on the second day of April, 1897.

The prisoner was indicted on the twentieth day of April, 1897. Judge Wofford being incapacitated to try the case, Judge Longan of the Pettis circuit was called to try it. On the thirty-first day of October, 1897, the cause was heard, but resulted in a mistrial by disagreement of the jury. Defendant applied for a change of venue and adduced evidence in support of his application, but it was denied.

A motion for continuance was entered, heard and overruled. A second trial was had, resulting in the conviction, from which this appeal is taken.

I. The Attorney-General concedes that the trial court erred in the sixth instruction, which declared,

among other things, that "if the jury believed from the evidence that the defendant voluntarily entered into the difficulty that resulted in the killing of Frederick J. Jackson by the defendant, then there is no self-defense in this case."

The intention with which defendant entered into the difficulty is entirely ignored in this instruction. No distinction is made between the act of a person voluntarily seeking a difficulty with another in order to wreak his vengeance on him; and that of a person voluntarily engaging in a combat in a sudden heat of passion and without any design of doing his adversary any great bodily harm or without any purpose of gratifying his malice. The distinction is all-important. *State v. Pennington, ante,* p. 27; *State v. Partlow,* 90 Mo. 615; *State v. Gilmore,* 95 Mo. 560.

In a word, it is the difference between the right of imperfect self-defense, and murder in the first degree.

When one enters into or seeks a difficulty with another in order that he may wreak his vengeance and slays him, then he loses his right of self-defense, even if forced to kill his adversary in order to save his own life, and the law accounts it murder in the first degree. But if without such felonious and murderous purpose he begins a quarrel or voluntarily enters into a difficulty and in the heat of passion slays his adversary, while the law will not, because of his being in fault, excuse him altogether, yet it will consider the intent and absence of malice aforethought, and adjudge him guilty of manslaughter only. *State v. Berkley,* 92 Mo. 53, and cases above cited. It is entirely proper for the Attorney-General to confess error, as he has in this case, when he deems it apparent.

II.   Counsel for the defendant urge other errors. It is deemed unnecessary to discuss the refusal of the

continuance, as that can be readily avoided by producing the witness on the next trial.

If, however, the court erred in refusing the change of venue, the injury can only be remedied by awarding it. This court has long observed the conservative rule of deferring much to the finding of the trial courts on questions of fact. This principle has been often invoked and applied in applications for change of venue with the qualification, however, always, that the action of the court did not appear to be an abuse of discretion. This record presents a stronger case than any to be found in the decisions of this court.

In support of his application, the defendant files his affidavit and that of two compurgators, to the effect that he could not obtain a fair and impartial trial in Jackson county, on account of the prejudice of the inhabitants of said county. The learned criminal court limited the number of witnesses on the hearing of this application to ten on a side. The defendant called as witnesses the county assessor, farmers of long residence in different portions of the county outside of Kansas City, and members of the bar of high standing in this court, and business men of Kansas City to the number of sixteen, all of whom testified to facts tending to show the existence of great prejudice against the defendant throughout every part of the county. Not only was the oral testimony to this effect, but counsel for defendant offered and read in evidence copies of the Kansas City *Times*, *Journal*, *Star* and *World*, in which the details of the homicide were given at great length and embellished with pictures of the deceased, the defendant and the dead man's daughters, with comments well calculated to form a public opinion strongly adverse to defendant.

The State offered no evidence whatever in rebuttal of this showing, nor did the prosecuting attorney seek

to impeach the testimony of the witnesses tendered by the defendant.

Upon this showing the question arises, was the refusal of the application such an unwise exercise of discretion as amounts to error?   The law governing changes of venue in criminal prosecutions will be found in Session Acts of 1895.   Section 4156, Revised Statutes 1889, is amended so as to read:

"The petition of the applicant for a change of venue shall set forth the facts or grounds upon which such change is sought, and such petition shall be supported by the affidavit of petitioner and the affidavit of at least two credible disinterested citizens of the county where said cause is pending, and the truth of the allegations thereof shall be proved, to the satisfaction of the court, by legal and competent evidence, and the prosecuting attorney may in such case offer evidence *in rebuttal* of that submitted in support of such application," etc.   Laws of Mo. 1895, pp. 162, 163.

Section 4156, Revised Statutes 1889, made it absolutely obligatory upon the court to award a change of venue when the application stated the facts authorizing a change and was supported by the defendant and two credible disinterested citizens of the county, reasonable notice having been given.   The principle underlying both of these statutes is the constitutional guaranty of a "speedy public trial by an impartial jury of the county."

It is the absolute right of the accused to be tried in the county where the offense is charged to have been committed, but the legislature considered that prejudice and popular feeling often run so high that the great essential, to wit, "an impartial jury," could not be obtained in the county, and wisely provided for the protection of the accused by directing that when, on his application, this was shown to the court he might

be tried in another county where this prejudice did not exist. Unquestionably it secures to the accused an inestimable privilege, without which he must go through the form of a trial, whereas in fact his case is already prejudged.

Such a statute should be liberally construed, so as to attain the purpose of its enactment.

Under section 4156, Revised Statute 1889, no discretion was left in the court. The affidavit of the prisoner and the two supporting affidavits entitled him as a matter of right to the change. But as this statute might be and doubtless was sometimes abused, the legislature in addition to the affidavits, required proof of the facts to be made by competent legal evidence, outside of the application and its supporting affidavits.

When this proof is made by competent evidence, and the witnesses are not impeached, either by cross-examination or by evidence to the contrary by other witnesses, or by direct impeachment of their veracity, and the State offers no evidence in rebuttal, can the change be denied without practically nullifying the statute and depriving the accused of his privilege?

When, as in this case, the prosecuting attorney offers no rebutting evidence, his conduct is tantamount to a demurrer to the evidence. Disposed as we are to defer to the judgment of the trial courts in these cases, we think that the proper construction of this statute is that when the defendant makes out a *prima facie* case unless the prosecuting attorney avails himself of his privilege to rebut it, the change should be awarded. *State v. Burgess*, 78 Mo. 234. A like conclusion has been reached in our sister states, on very similar statutes. *Higgins v. Com.*, 94 Ky. 54; *Draughan v. Com.*, 45 S. W. Rep. 368; *Ex parte Chase*, 43 Ala. 303; *Birdsong v. State*, 47 Ala. 74; *People v. Yoakum*, 53 Cal. 566.

III.   It was perfectly competent to offer the door of the room in which the homicide occurred in evidence to show the location of the pistol balls therein, but it should have been first shown by preliminary questions, that it had remained in the same ·condition since the homicide.   Wharton Crim. Ev. [8 Ed.], section 767; *State v. Buchler*, 103 Mo. 208.

IV.   The court did not err, we think, in admitting in evidence the bill of sale from deceased to his wife. It was a fact tending to show the relation of the deceased to his wife, and to be considered with all the evidence tending to show a motive on the part of defendant to get rid of the husband, who charged that defendant was defrauding his wife of her property.

But we think that the prosecuting attorney should have been required to produce the papers found on the body of deceased, after he was shot, after he had called out the fact that some of these papers consisted of checks payable to defendant by Mrs. Jackson, wife of deceased.   The papers were the best evidence, and were subject to examination by defendant and proof that they were forgeries as claimed by him.   It was also competent for the defendant under the act of 1895, page 284, to show other writing of deceased for the purpose of comparison, if found to be genuine by the court.

It remains only to add that if the jury believed the evidence of the defendant they would have been justified in finding him guilty of manslaughter in the fourth degree, and the court should have defined that offense.   *State v. Partlow*, 90 Mo. 616.   For the errors noted, the judgment is reversed and the cause remanded for further proceedings.

SHERWOOD and BURGESS, JJ., concur.