THE STATE v. LLOYD (FLOYD) SMITH, Appellant.—98 S. W. (2d) 572.

Division Two. November 17, 1936.

*J. Henry Caruthers* for appellant.

*Roy McKittrick*, Attorney General, and *James L. HornBostel*, Assistant Attorney General, for respondent.

WESTHUES, C.—On the 2nd day of August, 1935, the prosecuting attorney of Scott County, Missouri, filed an information in the circuit court charging appellant with murder in the first degree. Upon this charge appellant was tried on the 5th day of September, 1935, in Scott County, convicted and sentenced to life imprisonment. He appealed.

On the 7th day of August, 1935, appellant filed an application for a change of venue from Scott County, on the ground of alleged prejudice of the inhabitants of the county. On the 5th day of August notice was served upon the prosecuting attorney that the application would be presented to the court on the 12th day of August, 1935. The application was taken up by the court on that day and overruled. Appellant has duly preserved the ruling of the court for our review.

The Attorney General in his brief has conceded that if the application and affidavits in support thereof are in proper form the application should have been granted. No attempt was made, so far

as the record discloses, by the prosecuting attorney, to show that the application and affidavits did not comply with the law. The order of the trial court does not point out upon what ground the application was overruled. The learned Attorney General has not suggested any defect. In his brief he states:

"There was no reason stated in the bill of exceptions or in the record as to why the court overruled same. The record is devoid of any showing that due notice was not given to the prosecuting attorney."

The statute, Section 3630, Revised Statutes 1929 (Mo. Stat. Ann., p. 3194), as applicable to Scott County, reads:

"*Provided,* in all cases in counties in this state which now have or may hereafter have a population of less than seventy-five thousand inhabitants if such petition for change of venue is supported by the affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county where said cause is pending, then the court or judge in vacation, shall grant such change of venue, as of course, without additional proof: *Provided further,* that reasonable previous notice of such application shall in all cases be given to the prosecuting attorney:"

The statute also requires the application and the affidavits to set forth the facts, or grounds, upon which such change is sought. That statute has been followed by this court as the proper procedure and when complied with a change of venue must be granted as a matter of course. We have examined the application and affidavits with care for defects. We find ourselves in the same position as the learned Attorney General. That is, we have been unable to discover any irregularities. The application and eight supporting affidavits seem to have been prepared with care so as to comply with the law. In the application, as well as in the supporting affidavits, the facts and grounds upon which application was based were set forth in detail and with certainty. We learn from the eight separate affidavits filed that two of the affiants lived in the neighborhood of Chaffee, two at Sikeston, two near Illmo and Ancell, one at Oran and one at Cana. Seven days' notice was given to the prosecuting attorney. We deem that sufficient. In construing this statute this court in the case of State v. Bradford, 314 Mo. 684, l. c. 698, 285 S. W. 496, l. c. 500, said:

"If the petition for change of venue is supported by the affidavits of two disinterested citizens, proof may be offered upon which the court will determine whether to grant the change of venue. But, if the petition for change is supported by the affidavits of five disinterested citizens in different neighborhoods, then the change of venue shall be granted without additional proof. *That does not mean that the five affidavits shall be filed in addition to the two affidavits,*

because the same language is used with reference to both. It is whether the petition is 'supported' by the affidavits of two citizens, or 'supported' by the affidavits of five citizens, and those affidavits filed with the petition when it is presented. *The five affidavits take the place of the two affidavits, and also dispense with additional proof.* These five affidavits must come from citizens in different neighborhoods of the county. Therefore a joint affidavit would not satisfy the statute; there must be five separate affidavits which show the situation in five different neighborhoods of the county. When those five affidavits coming from five different quarters of the county show that prejudice exists against the defendant, then under the statute the prejudice is sufficient to authorize the change of venue without further proof.'' (Italics ours.)

It will be noted that this court in that case expressly disapproved the ruling in the opinion by the learned Commissioner, that five affidavits were required in addition to the two affidavits mentioned in the forepart of the section. This ruling has been consistently followed by this court. That is, only five supporting affidavits are necessary. In State v. McCann, 47 S. W. (2d) 95, 329 Mo. 748, this statute was held constitutional, and when complied with to be mandatory upon the trial court. Other like cases, by this court, were there reviewed and considered. To the same effect is the case of State v. Wilcox, 44 S. W. (2d) 85, where only five supporting affidavits were filed. The supporting affidavits in this case were more specific and certain than those held good in the Wilcox case. [See, also, State ex rel. v. Kelly, 48 S. W. (2d) 864, 330 Mo. 143.] These cases were cited by both appellant and the State.

We have concluded that the application for a change of venue should have been granted, therefore, a statement of the facts will be unnecessary. Only one other point was properly preserved in the motion for new trial. It need not be considered because it concerned the separation of the jury.

The judgment is reversed and the cause remanded for trial. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.