THE STATE v. CLAUDE MCGEE, Appellant.—106 S. W. (2d) 478.

Division Two, June 21, 1937.

*Roy McKittrick,* Attorney General, and *James L. HornBostel,* Assistant Attorney General, for respondent.

*W. P. Wilkerson* and *Stephen Barton, amici curiae.*

BOHLING, C.—Claude McGee appeals from a judgment imposing a sentence of death for the murder of W. T. Carlton.

The instant case and the case of State v. Smith, 339 Mo. 870, 98 S. W. (2d) 572, arose out of the same facts. In each case the defendant served notice and filed an application for a change of venue based upon the prejudice of the inhabitants of the county against the defendant. [See Sec. 3630, R. S. 1929, Mo. Stat. Ann., p. 3194.] McGee's application was accompanied by five supporting affidavits. On August 12, 1935, the trial court overruled the respective applications for changes of venue; and each defendant duly preserved the issue for our review. The facts in this and the Smith case are so similar on the instant issue as to call for like rulings. The position taken by the learned Attorney General in his supplemental brief in the instant case is identical with his position in the Smith case, in which case he did not undertake to point out any grounds for sustaining the trial court; and were it not for an *amicus curiae* brief filed by counsel who represented the State in the trial court further discussion of the issue would be dispensed with. While the only objection of record interposed below (abandoned here) to McGee's application was the timeliness of his notice to the prosecuting attorney (in the Smith case held sufficient), counsel *amicus curiae*, seizing upon the first secured of the five supporting affidavits, contend it failed to state facts sufficient to compel a removal. ■ If two or more of the five supporting affidavits stated facts sufficient to authorize the granting of a change of venue (the sufficiency of the facts stated in four of the five affidavits is unquestioned), McGee's application was not to be denied on the ground the affidavits failed to state facts (counsel *amicus curiae* admit even the questioned affidavit stated facts). or one of the affidavits failed to state sufficient facts; for the statute authorizes the reception of proof when the application is supported by two sufficient affidavits, or, if the facts alleged in the application are within the knowledge of the trial court or judge, a removal without formal proof or the filing of supporting affidavits; the removal under such circumstances resting in the exercise of a sound discretion. [Consult Sec. 3630, supra; State v. Goddard, 146 Mo. 177, 182, 48 S. W. 82, 83(2); State v. Liston, 318 Mo. 1222, 1229(2), 2 S. W. (2d) 780, 782(2); State v. Pierson, 331 Mo. 636, 642(1, 2), 56 S. W. (2d) 120, 121(2).] We may not commend the instant affidavits as models; but they do state facts. Reading the questioned affidavit as a whole—the statement of facts therein as well as the stated conclusions—the only legitimate inference to be drawn therefrom is that the conversations therein mentioned were to the effect McGee was guilty and should be punished, and not, as counsel *amicus curiae* state they possibly might have been, that McGee was innocent, etc. The other affidavits expressly stated such facts. Under the record made, we rule, as we ruled in the Smith case, defendant's

application for a change of venue should have been granted. Faced with the grave responsibility of solemn and momentous consequences to his client's life and liberty, counsel, in the preparation of affidavits supporting applications for a change of venue, should assiduously endeavor to eliminate issues that may arise from inadvertence; which, when we read the other accompanying affidavits, we think was the situation in the instant case.

Appellant contends it was error to admit testimony detailing the acts and statements of Floyd Smith, a coconspirator, at the scene of the homicide subsequent to the mortal wounding of deceased and the departure of appellant from the scene; citing, State v. Schaeffer, 172 Mo. 335, 344, 72 S. W. 518, 520, which applied the well settled general rule that narratives of a transaction by one conspirator are inadmissible against his coconspirators. The facts clearly distinguish the instant issue from that of the Schaeffer case. The evidence established: Smith, McGee and others, having information the Carltons had money and Mrs. Carlton kept considerable cash on hand, conspired to rob the Carltons. They, armed, motored to the Carlton home on the evening in question and, ascertaining no one was at home, were engaged in burglarizing the place—Smith and McGee in the house, another stationed as lookout and another keeping the automobile in readiness—when the Carltons returned. Smith and McGee made ready to rob the Carltons, who became aware of the presence of intruders. Shooting started when Mr. Carlton entered the house. McGee's gun "jammed" and he ran because "he didn't have a chance any more;" and McGee, the lookout and the driver departed the scene. Smith captured Mrs. Carlton, her daughter and a neighbor or two who came to the scene, had them ascertain Carlton was down; proceeded to rob Mrs. Carlton, insisting she had more money than was delivered up, and finally departed in the Carlton automobile, instructing his captives not to move until he was out of sight. Mr. Carlton died about fifteen minutes after his wife reached him. We think the testimony competent for several reasons. What Smith did and the statements he made were not narratives of past events. Smith and McGee were coprincipals in the shooting of Carlton. Section 3982, Revised Statutes 1929 (Mo. Stat. Ann., p. 2778), makes "every homicide . . . committed in the perpetration . . . [of] any . . . robbery, [or] burglary . . . murder in the first degree." This testimony tended to establish a homicide perpetrated in the commission of a burglary and robbery. The shooting of Carlton was an incident, although it became the paramount offense, of the burglary and robbery; and the acts and statements of McGee's coconspirators made in the furtherance of the conspiracy, although out of his presence, were admissible in evidence. We need not discuss other possible reasons for its admissibility. [Consult: State v. Pratt,

121 Mo. 566, 572(4), 26 S. W. 566, 567(4); State v. Reich, 293 Mo. 415, 424(6), 239 S. W. 835, 837(9); State v. Wall, 339 Mo. 111, 96 S. W. (2d) 36, 39(6); 16 C. J., pp. 661-663, secs. 1318, 1319; and see State v. Strait (Mo.), 279 S. W. 109, 114(11-13.)] The laws vouchsafe a fair and impartial trial to one accused of crime and also accord to law-abiding citizens, personified in the victim of an unlawful act, like protection that offenders who instigate unlawful attacks against life and property escape not the consequences of the bed they make or the acts of their bedfellows therein.

The judgment is reversed and the cause remanded. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.