**STATE of Missouri, Respondent,**

v.

**Henry John SCOTT, Appellant.**

**No. 56324.**

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Melvin E. Carnahan, Rolla, Atty. for appellant.

MORGAN, Presiding Judge.

Charged as a second offender, defendant was tried to a jury and found guilty of burglary in the second degree. The court assessed punishment at confinement for seven years. Sections 560.070, 556.280, RSMo 1969, V.A.M.S.

As appellant, defendant presents but one contention here, i. e., that the trial court erred in failing to grant his application for a change of venue which was based on the alleged prejudice of the inhabitants of the county against defendant.

The record reflects that the trial was scheduled for November 5, 1970; that defendant gave written notice to the prosecuting attorney of his intention to apply for a change of venue on October 28; that defendant filed his application with five supporting affidavits on October 29; and, that the trial court on October 30 entered an order providing, in part: ". . . overruled for failure to give reasonable previous Notice to Prosecuting Attorney."

The entry as made appears to have been initiated solely by the trial court. The record indicates that the prosecuting attorney did not contend he had not had a "reasonable" notice of the application, nor did he make any challenge whatever to the sufficiency of the application or attached affidavits.

The parties agree that Supreme Court Rule 30.04, V.A.M.R., is controlling, and specifically that portion, applicable to counties having less than 75,000 inhabitants, which provides: ". . . if such application for change of venue is supported by the affidavits of five or more credible, disinterested citizens residing in different neighborhoods of the county where said case is pending, then the court or judge shall grant such change of venue as of course without additional proof. Reasonable previous notice of such application shall in all cases be given by or for the applicant to the prosecuting attorney, and in no event shall said application be filed less than five days before the day the case has been set for trial." While Rule 30.04 supersedes Section 545.090, V.A.M.S., it is readily apparent that the only significant change was that provision calling for the application to be filed at least five days prior to date of trial. Such requirement stemmed from the widespread practice of using an application for change of venue on the day of trial as a means of obtaining an automatic continuance. The objective of that effort was not, however, the only factor which compelled the five day requirement. As is generally known, the basic reason for the rule was to avoid expenditures of public funds for calling juries and witnesses when they would not be used, as well as the fact that avoidance of last minute cancellations of trials would free the court and all of its related personnel for disposition of other pending legal matters. For other reasons why the rule has merit see Adams, J., 19 J.Mo.Bar 464.

Since Rule 30.04 became effective on March 1, 1964, there do not appear to have been any decisions written which specifically pertained to the adequacy of the prior notice to the prosecuting attorney. However, we mention two cases since that date. In State ex rel. Jakobe v. Billings, Mo., 421 S.W.2d 16, it was held that a "substantial" compliance with rules relating to change of venue was sufficient. More in point is our recent holding in State ex rel. Johnson v. Green, Mo., 452 S.W.2d 814, 816, wherein it was said: "No issue is here raised as to the timeliness, form or sufficiency of the relator's application for change of venue and supporting affidavits. Therefore, the duty of the respondent judge to grant the change of venue was mandatory and he exceeded his jurisdiction when he refused to do so."

Necessarily, the parties rely on decisions wherein adequacy of the "notice to the prosecuting attorney" was at issue prior to promulgation of the present rule. They are: State v. Stough, 318 Mo. 1198, 2 S.W.2d 767; State v. McCann, 329 Mo. 748, 47 S.W.2d 95; State v. Smith, 339 Mo. 870, 98 S.W.2d 572; and, State v. Drewer, Mo., 116 S.W.2d 37. Other cases are listed in Note 8 of Section 545.090, V.A.M.S. At this time, it is sufficient to say that in one of such cases, Smith, supra, it was concluded that seven days notice was adequate and reasonable whereas in one case, Drewer, supra, two days notice was found not to be. As said in Stough, 2 S.W.2d l. c. 769, the ". . . manifest purpose of this provision is to give the prosecuting attorney time and opportunity to investigate the merits of the application and the affidavits filed in support of the same." Absent a failure of the application and affidavits to show a "substantial" compliance on their face, the rule only allows the prosecuting attorney to contend affiants were not "credible, disinterested citizens residing in different neighborhoods of the county." In the rural areas, wherein that portion of the rule in question is applicable, most public officials know such citizens. However, we will assume the prosecuting attorney does not have such information at hand.

The cases herein cited considered the question of "notice" in reference to the possibility the application could be filed up to the day of and immediately prior to the start of the trial. In such a case, there was an obvious chance the prosecuting attorney might not be prepared to carry out his contemplated duties. Thus, the court would be deprived of any assistance on the question of whether or not the application and affidavits, although sufficient on their face, actually met the demands of the statute or rule.

With the present five day requirement, any question as to what is a reasonable notice to the prosecuting attorney is not so crucial in the orderly handling of cases. Absent some unusual set of circumstances, it would seem that under the present rule a notice to the prosecuting attorney at any time prior to the actual filing would be reasonable. The trial is at least five days away; and, if the trial court has used the rule for the purpose for which it was designed, a special panel, as yet, has not been called for the case in question. If the prosecuting attorney finds he is not prepared to perform his rather limited duties (where at least five affidavits of prejudice are filed), there would be no reason why he could not request the court to grant him some additional time. With such an approach, any dispute as to what a reasonable notice might be could be avoided. However, we do not consider the words "reasonable notice" in the rule to be superfluous as unusual circumstances might exist in a particular case which called for an earlier notice. It has not been suggested nor does the record reflect this case involved such circumstances.

We, therefore, rule that in the instant case the prior two day notice to the prosecuting attorney (actually seven days before the trial date) was not only sufficient but was more than that required by Rule 30.04. By the existing law, defendant was entitled to a change of venue.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

HENLEY and DONNELLY, JJ., and LEWIS, Special Judge, concur.