**STATE of Missouri, Respondent,**

v.

**Glen Calvin BUNTON, Appellant.**

No. 9461.

Missouri Court of Appeals,
Springfield District.

July 26, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Jay White, Rolla, for appellant.

PER CURIAM:

A jury convicted defendant of burglary in the second degree and stealing. The trial judge, under the second offense act, pronounced consecutive sentences of five years for burglary and two years for stealing. Defendant appeals.

The sole point preserved and relied on is defendant's assertion that "The trial judge erred in overruling appellant's affidavit for disqualification of Judge." No question is raised by the State as to the form of the affidavit; neither does the State contend that the affidavit was not timely filed. The sole issue, therefore, is whether the prosecuting attorney received "previously given reasonable notice" that defendant would seek disqualification of the judge.

Rule 30.12, V.A.M.R., in part, states: "The judge shall be disqualified . . . if, having previously given reasonable notice to the opposite party, the defendant . . . shall file an affidavit stating the defendant . . . , cannot have a fair and impartial trial by reason of the interest or prejudice of the judge. Said affidavit must be filed not less than five days before the day the case has been set for trial . . . ."

*May 6, 1972*—Defendant executed an affidavit for disqualification of judge. The

affidavit (entitled "Affidavit and Application for Disqualification of Judge") stated among other things: "That the information and knowledge of the existence of the above cause for disqualification of the Judge . . . first came to the defendant . . . on the 6th day of May, 1972, . . . . . . . That immediate notice of intention of this defendant . . . to apply for disqualification of the Judge . . . has heretofore been given to [the] Phelps County Prosecuting Attorney, on the 6th day of May, 1972."

*May 9, 1972*—The circuit clerk filed (1) a "Notice of Petition to Disqualify Judge" and (2) an "Affidavit and Application for Disqualification of Judge," supra, which defendant executed on May 6, 1972. The notice was addressed to the prosecuting attorney and stated: "Please take notice that . . . , defendant in the above cause, will on the 22nd day of May, 1972, . . . , make application to the Court . . . for disqualification of the Judge . . . . That a true copy of the petition and application for disqualification of the Judge is herewith attached and served upon you." A "Certificate of Service" accompanying the notice, recited that a copy thereof had been duly mailed to the prosecuting attorney on May 8, 1972.

*May 25, 1972*—The trial court made an order overruling defendant's affidavit to disqualify for the stated reason that "no reasonable previous notice of intention to file said affidavit was given Prosecuting Attorney since notice and affidavit were filed simultaneously."

*May 26, 1972*—Defendant filed "Affidavit and Application for Disqualification of Judge." This was identical to the affidavit and application filed by defendant on May 9, 1972. The same day, defendant filed (1) a verified "Motion to Set Aside Order Overruling Defendant's Application for Disqualification of Judge and for an Order to Disqualify Said Judge" and (2) "Notice." The "Notice" (addressed to the prosecuting attorney who acknowledged receipt thereof at 11:00 a.m. on May 26,

1972) advised that defendant on May 30, 1972 (or 4 days thereafter), would call up his motion. A copy of the motion was attached to the notice.

*May 30, 1972*—The trial court overruled defendant's motion filed May 26.

In our view, the misstep taken by the court nisi in arriving at its erroneous decision to deny the affidavit for disqualification, occurred when it failed to observe the contents of the May 6th affidavit and mistook the purpose of the notice sent to the prosecuting attorney on May 8 and filed by the circuit clerk on May 9. The affidavit executed May 6 recited that "immediate notice of intention of this defendant . . . to apply for disqualification of the Judge . . . has heretofore been given to [the] Phelps County Prosecuting Attorney, on the 6th day of May, 1972;" the notice filed May 9 was not a notice of defendant's intention to seek disqualification (such notice having previously been given on May 6), but rather was a notice to the prosecuting attorney that defendant would appear in court on May 22, or 13 days thereafter, to apply to the judge to disqualify himself. In other words, although the affidavit and a notice were filed on the same day (May 9), the notice filed did not concern defendant's previously given notice to the prosecuting attorney on May 6 of his intention to disqualify the judge. The May 6th notice that did, in fact, advise the prosecuting attorney of defendant's intention to disqualify the judge, was given before the affidavit was filed.

The State does not question the sufficiency of the notice recited in the affidavit executed by defendant on May 6; therefore, the final question is whether such previous notice was reasonable as required by Rule 30.12. We are cited to no authority and have found none exactly in point through independent research. Consequently, of necessity we must rely upon authority presenting analogous circumstances. Such authority reposes in State v. Scott, 484 S.W.2d 175 (Mo.1972) which

was concerned with the reasonableness of previous notice required to be given the prosecuting attorney under Rule 30.04 by a defendant applying for a change of venue. It was there stated [484 S.W.2d 177 (1, 2)] that since Rule 30.04 (similar to Rule 30.12) required the application and affidavits to be filed not less than five days before the day the case has been set for trial, "any question as to what is a reasonable notice to the prosecuting attorney is not so crucial in the orderly handling of cases. Absent some unusual set of circumstances, it would seem that under the present rule a notice to the prosecuting attorney at any time prior to the actual filing would be reasonable. . . . We, therefore, rule that in the instant case the prior two day notice to the prosecuting attorney . . . was not only sufficient but was more than that required by Rule 30.04." When a timely affidavit under Rule 30.12 is filed in proper form, its merits may not be questioned [State ex rel. McNary v. Jones, 472 S.W.2d 637, 640 [6] (Mo.App.1971)]; the judge has no discretion in the matter and must disqualify himself. State v. Sullivan, 486 S.W.2d 474, 476 [5] (Mo.1972). A prosecuting attorney has substantially less to do if the defendant seeks to disqualify the judge under Rule 30.12 than if the defendant applies for a change of venue under Rule 30.04. Ergo, if a notice of two days is more than is required under Rule 30.04 a much shorter time than that would be acceptable under Rule 30.12 to make the notice reasonable. In the instant case the notice was more than reasonable not only because it was given two days before the affidavit was filed but also because it was given fifteen days before defendant was to appear to present the affidavit for a ruling.

It follows that the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.