**STATE of Missouri, Respondent,**

v.

**John Michael LAFATA, Appellant.**

**No. 42114.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 10, 1981.

---

Randall B. Kopf, St..Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robt. Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals following a conviction by a jury for the offense of sale of a Schedule II controlled substance. The court sentenced him under the Second Offender Act to serve a term of 30 years. We affirm.

▋ Defendant's sole point on appeal is that the trial court erred when it overruled defendant's motion to disqualify the trial judge. Initially, we note that because defendant failed to file a motion for new trial, this point has not been preserved for our review. *State v. Larrabee,* 572 S.W.2d 250, 251 (Mo.App.1978). Nevertheless, we have examined the record and find no error on the part of the trial court.

The relevant facts of the case are as follows: On the morning of August 17, 1979, defendant's case was assigned for trial to Judge Kitchin; the trial was set for 9:30 a. m., August 20, 1979. On the morning of August 20, from 9:30 until about 10:30, counsel for the state and defendant[1] presented preliminary matters to the trial judge. At 11:05 a. m., prior to voir dire, defendant's attorney filed an affidavit for disqualification of the trial judge and a motion to transfer the case. According to the prosecuting attorney, he first received notice about twenty minutes before the filing of the affidavit and motion. However, subsequently, he stated that he first learned

at about 11:00 a. m. or about five minutes before the filing. The judge overruled defendant's motion, holding that the defendant had failed to give reasonable notice to the prosecuting attorney. The jury panel was then selected. The following morning defendant failed to appear and the trial proceeded to conclusion. Defendant was not captured until September 10, 1979.

At the time of the trial, Rule 30.12 was in effect.[2] It provided:

In any criminal case pending in any circuit court, the judge of said court shall be deemed incompetent and disqualified to hear and try said case when the judge is in anywise interested or prejudiced. The judge, of his own initiative, may enter an order disqualifying himself. *The judge shall be disqualified under the provisions of this Rule if, having previously given reasonable notice to the opposite party, the defendant or the prosecuting attorney shall file an affidavit stating the defendant or the state, as the case may be, cannot have a fair and impartial trial by reason of the interest or prejudice of the judge.* Said affidavit must be filed not less than five days before the day the case has been set for trial, except in instances where the particular trial judge has not been designated five days before the day the case has been set for trial. *If the particular trial judge has not been designated five days before the day the case has been set for trial, then such affidavit must be filed before the jury panel is sworn for voir dire examination,* or, if the jury be waived, then before the first witness is sworn to testify. Only one such affidavit may be filed by the same party in the same case and such affidavit shall be made as to only one of the judges of said court.

[Emphasis added.]

▋ Under Rule 30.12, defendant has a right to one change of judge, and if a judge

---

1. Defendant is represented by different counsel on appeal.

2. Rule 30.12 was repealed effective January 1, 1980. The subject matter of the former Rule 30 was to be covered in new Rule 32, adopted by order of the Supreme Court dated June 13, 1979, and carrying an effective date of January 1, 1980. However, by order of the supreme court dated November 21, 1979, the effective date of Rule 32 was suspended until further notice of the court.

fails to grant an application made in proper form, he loses jurisdiction to proceed in the case. *Yeager v. State*, 602 S.W.2d 478, 479 (Mo.App.1980). However, for an application to be in proper form it must meet the requirements set forth in Rule 30.12. The determination of whether the requisites for disqualification have been met is within the sound discretion of the trial court. *In re Boeving's Estate*, 388 S.W.2d 40, 51 (Mo. App.1965).

■ At issue here is whether the defendant met the reasonable notice requirement of Rule 30.12. The requirement that the affidavit be filed prior to the swearing of the jury for voir dire was met. To support his position that the notice was reasonable, defendant cites the cases of *State v. Scott*, 484 S.W.2d 175 (Mo.1972); *State v. Bunton*, 498 S.W.2d 67 (Mo.App.1973); and *State ex rel. Oswald v. Buford*, 518 S.W.2d 690 (Mo. App.1975). However, we have examined these cases and find that each of them involves a situation in which the application and the affidavit were filed five days prior to trial.

In *Scott*, the prosecuting attorney was faced with one-day notice of defendant's intention to file for a change of venue. Pursuant to the applicable rule, Rule 30.04, defendant had filed his application and affidavits more than five days before trial. The trial court had found the notice to be unreasonable. On appeal, the supreme court recognized that because of the five-day filing requirement, as a general rule any notice given before the filing of the affidavits would be reasonable notice under the applicable rule. However, the court noted that the "reasonable notice" requirement is not "superfluous" and that circumstances could exist even under the five-day rule that would require greater notice than notice given just before filing.

Here, we are not confronted with a situation wherein the trial judge had been designated five days before the case was set for trial. It appears that counsel knew approximately three days before trial that Judge Kitchin was to try this case. No affidavit had been filed and no notice given as of the hour set for trial, 9:30 a. m., August 20, 1979. Preliminary matters were taken up, and motions ruled upon. Defendant does not now contend that anything occurred during these preliminary matters that showed prejudice against the defendant by Judge Kitchin.

We cannot say that Judge Kitchin abused his discretion in ruling that a five-to-twenty minute notice to the prosecuting attorney insufficiently satisfied the requirement of reasonable notice under the statute. Frankly, we believe the notice given the prosecutor was so short as to amount to no effective notice under the circumstances. Finding no abuse of discretion in the trial judge's failure to disqualify himself under these circumstances, we hold the trial judge had jurisdiction to proceed with the case.

■ Furthermore, we note that "a defendant who escapes or flees the jurisdiction during his trial, ... relinquishes his right to appeal." *White v. State*, 558 S.W.2d 372, 375 (Mo.App.1977). *See State ex rel. Garnett v. Gagne*, 531 S.W.2d 264 (Mo. banc 1975); *Wayne v. State*, 579 S.W.2d 780 (Mo.App.1979).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.