State *v.* Gates.

---

## THE STATE, Respondent, *vs.* GATES, Appellant.

1. A second change of venue may be granted where the judge has been counsel in the cause, notwithstanding the twenty-eighth section of article five of the act concerning practice and proceedings in criminal cases. (R. C. 1845.)

2. A party objecting to the admission of a record in evidence must specify his objections.

3. One witness swearing that he saw two men on horseback meet in a road, and that they wheeled as they passed and had an angry conversation, and another witness, who also saw them meet, swearing that he did not see them wheel, an instruction to the jury that affirmative must prevail over negative testimony was held inapplicable and erroneous.

State *v.* Gates.

*Appeal from Camden Circuit Court.*

Gates was indicted at the October term term, 1848, of the Morgan Circuit Court, for attempting to deter a witness from giving evidence upon an indictment against him for perjury. At the April term, 1849, on account of the alleged prejudice of the judge, a change of venue was awarded to the Benton Circuit Court. A trial was had and the defendant convicted. He appealed to the Supreme Court and the case was reversed and remanded. In 1851, the cause was sent to Camden county by order of the court, because the then judge of the Benton Circuit Court had been prosecuting attorney in the cause. At the April term, 1852, the appellant took a continuance, and entered into recognizance for his appearance at the next term. At the October term, 1852, he filed a motion to strike the case from the docket and remand it to the Benton Circuit Court, because the court had no jurisdiction, a change of venue having once before been granted. The motion was overruled and the appellant excepted. He was then tried and convicted, and appealed to this court. At the trial, the defendant objected to the record of the Moniteau Circuit Court in the case in which he was alleged to have attempted to deter a witness from testifying, and to the record of the Benton Circuit Court in this case, but the record does not show that he specified his objections. His objection was overruled, and the records were read in evidence.

Among others, the court below gave the instruction, which, together with the testimony applicable to it, is set out in the opinion of Judge Ryland.

*Wright* and *Parsons,* for appellant. 1. The court erred in overruling the motion to strike the cause from the docket and remand the same to the Benton Circuit Court, one change of venue having previously been taken. (R. C. 1845, p. 876, sec. 28.) 2. The court erred in permitting the transcript of the record from Benton Circuit Court to be read in evidence. It was improper to tell the jury by the record what former juries

had done.   3. The court erred in giving the second instruction. It was the peculiar province of the jury to determine what weight they would give the testimony of any particular witnesss. (R. C. 1845, p. 882, sec. 28.)

*Gardenhire,* (attorney general,) for the State.   1. Objection to the jurisdiction of the court cannot be taken advantage of by motion.   It must be pleaded, and the plea must show what court has authority to try the cause.   It is a dilatory plea and must be sworn to.   (1 Chitt. Cr. Law, 438.   R. C. 1845, p. 872, sec. 6.   4 Black. 270.)   2. All other circumstances being equal, affirmative must prevail over negative testimony.   (Phill. on Ev.   Cow. & Hill's notes, part 1, p. 421.)

RYLAND, Judge, delivered the opinion of the court.

The questions for our consideration arise upon the rulings of the court below, 1, in refusing to sustain the defendant's motion to strike the cause from the docket, and remand the same to the Benton Circuit Court; 2, in permitting the circuit attorney to read in evidence the transcript of the record from the Benton Circuit Court; 3, in giving the second instruction for the State, which instruction will be inserted in this opinion hereafter.

The first question involves the authority of the Benton Circuit Court to change the venue in this case.

1. The defendant was indicted in the Morgan Circuit Court. The venue on his application was changed to the Benton Circuit Court.   After this change took place, the judge, who was afterwards elected to hold the Benton Circuit Court, having been the circuit attorney who prosecuted the defendant, Gates, on this charge, in the Morgan Circuit Court, ordered the case to be sent, by change of venue, to Camden Circuit Court, in a different judicial circuit.   This order was made by the judge, of his own motion, he assigning therefor the reason, that he had been the counsel for the State in prosecuting this very defendant in Morgan Circuit Court.

" No judge of the Circuit Court shall sit on the trial of any cause or proceeding in which he is interested, or related to either party, or shall have been of counsel ; but it shall be the duty of the judge to try said cause or proceeding by the consent or request of both parties."   (R. C. 1845, act concerning courts, sec. 40, p. 335.)

A change of venue in criminal cases may be allowed ; but the last clause of the 28th section of article 5 of the statute concerning practice and proceedings in criminal cases, has the following prohibition :  " And in no case shall a second removal of any cause be allowed."

These clauses in our statutes conflict, and it is upon this conflict that the defendant below relied for the support of his motion.   The Circuit Court, in our opinion, decided properly in overruling this motion.   It was the safest and best course for that court to pursue.   It would have been directly contrary to his duty, as a judge, to have set in the trial of this case : he had been counsel against the defendant, and its being a criminal prosecution makes no difference.   The law will not place its judicial officers in a situation where malice or prejudice, or ill-will may have the means of making false imputations against them.   A judge cannot sit in his own case—cannot sit on the trial of his own slave for crime, although the statute law may be silent as to the change of venue in such cases.   (See the case of *Jim*, (a slave,) v. *The State*, 3 Mo. Rep. 147.)   Public justice and the common sense of mankind cry aloud against the proposition of permitting the counsel who has prosecuted the prisoner, to change his character, put on the ermine of justice and then sit in judgment upon him.   " It is both the policy and intention of our legislature to have tribunals for the determination of criminal cases above all suspicion — courts upon whose disinterestedness not only the prisoner but the whole community can repose with entire confidence."   There is no error, then, in refusing to strike the case from the docket and send it back to Benton Circuit Court.

2. There is nothing in the second question respecting the

admission of the transcripts of the records from Benton Circuit Court and from Morgan Circuit Court to be read in evidence. If these transcripts had been entirely irrelevant, or if there had been any other fatal objection to them, yet the court below did right to admit them, and to disregard any such general objection as was made in this case. It is not permitted to a party to say to such evidence, when offered, "I object to it." He must make his objections specific: he must point out the matters distinctly, and call the attention of the court directly to his objections; otherwise the courts will not pay any attention or regard to such general and wholesale objections.

3. Upon the third question, that is, the second instruction given to the jury by the Circuit Court for the state, we think the court below erred. This instruction is as follows, viz: "If witnesses of equal credibility swear—the one affirmatively and the other negatively—that is, if one swears affirmatively that he did see or hear a thing, and the other swears negatively that he did not see or hear it, the affirmative testimony must prevail." This instruction is not correct; it is not authorized by the facts in proof. The witness, Chism, speaks of his meeting the defendant, Gates, at a mud hole in the road; that they passed each other so nearly that their knees touched; that their horses wheeled round facing each other, and that much angry and threatening talk was had by defendant to witness—threatening to kill him, if he (witness) went to court and testified against defendant; that defendant put his hand in his saddlebags, and took out what the witness supposed to be a pistol, and that defendant frequently put his hand behind him, so as to make it seem he had a pistol or some weapon. Witness said that defendant repeated his threats several times; witness also said that, after they separated, defendant spoke back to him in a loud and threatening manner; witness stated that there was a boy, his step-son, about two or three hundred yards from them at the time he and Gates were together, and he supposed the boy heard what Gates said after he started off. This boy, Talton Embry, the step-son of the witness, Chism, speaks of

State *v.* Gates.

the time he saw Chism and Gates meet at the mud hole; it was the same time that Chism mentions. This witness says that they met and passed each other without making any stop: he never saw Gates have any pistol or weapon; that Gates was coming towards witness and Chism going from him; that if Gates had drawn any weapon, he must have seen it; witness does not recollect of seeing Chism and Gates pass each other, at the place stated, but the one time; witness, Embry, says he was near the corner of Howard Chism's pasture; he saw Chism and Gates pass each other near the corner of said pasture, about sixty yards east of it, in the road: the place where they met was near a mud hole; he knew these men were unfriendly to each other; they passed each other without stopping; he heard no conversation between them; saw no effort or attempt on the part of Gates to draw a weapon, or make any attack on Chism. These witnesses directly contradict each other. The witness, Chism, says Gates and himself met; their horses wheeled round facing each other; they stopped, and Gates made threats, and repeated them several times; drew a pistol or something like it, &c. Embry says he saw these men when they were some distance apart; they met about sixty yards from the corner of the pasture, east of it, near a mud hole; that he was near the corner of the pasture: he saw them meet and pass right on by each other, without stopping, &c. Here is no swearing affirmatively and negatively, but each witness swears to facts affirmatively. One swears that he and Gates stopped; their horses wheeled round and faced each other; the other swears that they did not stop, but passed on by each other without stopping. The testimony of Embry is equally affirmative in its character, as the testimony of Chism. These witnesses cannot both be truthful; one must be wrong, and it is the peculiar province of the jury to believe the one and not the other. But the instruction virtually told the jury to believe Chism and disregard Embry. This is incorrect. The court should have informed the jury that it was their province to give credence to the one or the other, as they supposed most

in accordance with the real facts of the case. If one witness swears he was in the city of Jefferson on the 8th day of January, 1854, and divers others swear that they were there too on the same day, but did not see the first witness; here, the fact of the first witness being in Jefferson city on the 8th January, 1854, being positively and affirmatively sworn to, is not overthrown by the testimony of the others, who swear that they did not see the first witness there on that day. These witnesses may have all testified truly, and their statements are not irreconcilable; but if a single witness had sworn that the first witness was at the city of St. Louis on that day; that he saw him there in the morning, at noon, and also in the evening, then the testimony of each is affirmative, and one or the other is not to be believed; but which one, it is for the jury to determine. The court below erred in giving this instruction; its judgment is reversed, and the cause remanded; Judge Scott concurring.