## THE STATE v. FRANCIS DYER, Appellant.

### Division Two, May 28, 1926.

1. **CHANGE OF VENUE: From Circuit: Discretion.** If the application for a change of venue alleges prejudice of the inhabitants of each and every county in the judicial circuit, and is supported by the separate affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county in which the cause arose, the power of the court to grant the change to some other circuit is discretionary. If the judicial circuit is composed of two counties, and the application alleges prejudice of the inhabitants of both, and is supported by five or more of such separate affidavits, under the statute (Sec. 3973, Laws 1921, p. 206) the court must grant the change of venue, but it is discretionary with the court whether the change will be to the other county in the circuit, or to a county in some other circuit.

2. **EVIDENCE: Immaterial: Admission.** The admission of evidence that might well have been excluded is not reversible error unless sufficiently prejudicial to warrant a reversal.

3. **INSTRUCTIONS: Numerous.** If the instructions given, although too numerous, present every phase of the law applicable to the evidence and necessary to enable the jury to render an intelligent verdict, they do not constitute error.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 306, p. 203, n. 55; p. 204, n. 59; Section 2355, p. 963, n. 26; 17 C. J., Section 3662, p. 317, n. 10.

Appeal from Dunklin Circuit Court.—*Hon. W. C. S. Walker,* Judge.

AFFIRMED.

*Munger & Munger* and *J. W. Farris* for appellant.

(1) The admission of incompetent and irrelevant evidence over the objection of defendant, where such evidence is calculated to affect the verdict to defendant's

prejudice, will work a reversal. State v. Allen, 246 S. W. 946; State v. Anglin, 222 S. W. 778; State v. Brown, 188 Mo. 464. (2) The exclusion of competent and relevant evidence offered on behalf of defendant will reverse the cause.

· *North T. Gentry,* Attorney-General, and *Claud Curtis,* Special Assistant Attorney-General, for respondent.

(1) Before the Amendment of 1921 the granting of a change of venue because of local prejudice was within the sound discretion of the trial judge. State v. Anderson, 252 Mo. 83; State v. Shoffer, 253 Mo. 320; State v. Jackson, 227 S. W. 647. After the Amendment of 1921 the granting of a change of venue for local prejudice when properly applied for is mandatory. Sec. 3973, Laws 1921, p. 206. In the instant case a change of venue was granted from one county to another county within the same judicial circuit because of local prejudice. Appellant contends that error was committed because the case was not sent to some other county in some other circuit. This is a matter within the sound discretion of the trial court. Sec. 3973, Laws 1921, p. 206; State v. Smith, 281 S. W. 38. (2) The instructions to the jury were proper. State v. Williams, 274 S. W. 427; State v. Steelman, 273 S. W. 409; R. S. 1919, sec. 3305; State v. Glon, 253 S. W. 364; State v. Caulder, 262 S. W. 1023; State v. Williams, 274 Mo. 427. (3) The evidence is sufficient to support the verdict of guilty. State v. Steelman, 273 S. W. 409; State v. Glon, 253 S. W. 364; State v. Caulder, 262 S. W. 1023. (4) The record discloses no reversible error in the admission and exclusion of evidence.

WALKER, P. J.—The defendant was charged by information in the Circuit Court of Stoddard County with burglary in the second degree and larceny. Upon a trial in the Circuit Court of Dunklin County, to which the case was transferred on a change of venue, the de-

314 Mo.—39.

fendant was convicted of burglary as charged, sentenced to two years' imprisonment in the penitentiary, and acquitted of the larceny.

His application for a change of venue was based on the alleged prejudice of the inhabitants of the Twenty-second Judicial Circuit, which is composed of the counties of Stoddard and Dunklin. This application was supported by the affidavits of alleged prejudice against the defendant by disinterested citizens of each of said counties, and was overruled as applicable to the circuit, and a change granted to Dunklin County, where, upon a trial, a conviction was had as stated.

The store of B. J. Smith & Company, at Bell City, Stoddard County, was burglarized May 9, 1923, and a variety of merchandise of the value of seventy-five dollars stolen therefrom. A short time after the burglary one of the owners of the store remarked in the presence of the defendant that the perpetrators of the crime were known. Following this declaration the defendant disappeared from the neighborhood. One of the perpetrators of this crime, Giles McCray, who turned State's evidence, stated that he was solicited by the defendant to join in the commission of this offense; that about midnight, May 9, 1923, the witness, the defendant and two others, Charles Gregory and Dutch Morse, broke into the store and stole therefrom a quantity of goods. After the commission of the crime they drove into the country about two miles, divided the goods and went to their respective homes. A few days thereafter the witness and Charles Gregory and the defendant were riding on the highway in defendant's car, and upon meeting a deputy sheriff they refused to stop when signaled to do so, but passed the officer rapidly, went to a railroad station, took a train to St. Louis and thence to Chicago. Their departure from the State was because the officers were after them. The defendant was afterwards arrested in Michigan and brought back for trial.

I. The defendant alleges error in the refusal of the trial court to grant a change of venue to a circuit court not in the judicial circuit in which the information was filed. The statute (Sec. 3973, R. S. 1919, as amended, Laws 1921, p. 206) is definitely determinative of this question. In counties of less than seventy-five thousand, if the application for a change of venue is supported by the affidavit of five or more disinterested citizens residing in different neighborhoods of the county where the case is pending, the duty of the court or the judge in vacation to grant the change is mandatory; but if the application alleges prejudice of the inhabitants of more than one county in the circuit, the power of the court to grant the change to some other circuit is discretionary. This court so holds in harmony with the language of the statute in the well considered opinion by HIGBEE, Commissioner, in State v. Smith, 281 S. W. l. c. 38.

*Change of Venue.*

II. It is urged generally by defendant that the trial court erred in the admission of incompetent and the exclusion of competent evidence. Thus much in the language stated, is stressed in defendant's brief and no more. This manner of urging error has necessitated a reading of the entire testimony, much of which might well have been excluded, but none of which is of a sufficiently prejudicial character to warrant a reversal. A like conclusion, without depriving the defendant of any substantial right, may be made in regard to the exclusion of evidence offered by the defendant. We, therefore, rule that this contention is not well made.

*Evidence.*

III. The court gave nine instructions on behalf of the State. If any were asked by the defendant they are not mentioned in the record.

The instructions given, although too numerous, present every phase of the law under the evidence. This is all that is required to enable the jury to render an intelligent verdict. The verdict rendered was responsive

to the issues made. While the defendant raises no question in his brief as to the sufficiency of the instructions, his preservation of his objections thereto, in the motion for a new trial, has moved us to review the same with the result indicated. We therefore overrule this contention.

IV. The evidence of the defendant's guilt was substantial in character. The defense throughout was purely technical, and no error prejudicial to the defendant appearing in the record the judgment of the trial court is affirmed. All concur.