THE STATE OF MISSOURI EX REL. ELMER SAWYER, Relator, v. FRANK KELLY, Judge of the Circuit Court of Cape Girardeau County. —48 S. W. (2d) 864.

Division Two, April 8, 1932.

*J. Grant Frye* for relator.

WESTHUES, C.—Relator, Elmer Sawyer, seeks in this proceeding to prohibit respondent, Honorable Frank Kelly, Judge of the Circuit Court of Cape Girardeau County, Missouri, from holding a certain hearing, wherein respondent threatens to make inquiry of certain affiants, as to the truth, or falsity, or knowledge of affiants' statements, made in affidavits in support of an application, for a change of venue in a criminal cause wherein relator is the defendant.

Relator was charged, by an information filed April 4, 1931, in the Circuit Court of Cape Girardeau County, with the crime of forgery. At relator's trial, April 24, the jury was unable to agree upon a verdict. This resulted in a mistrial, and the cause was reset for trial July 1. 1931. June 6, 1931, relator filed an application for a

change of venue, alleging prejudice against him, on the part of the inhabitants of the county, supported by five affidavits of citizens residing in different neighborhoods of the county. Cape Girardeau is a county of less than seventy-five thousand inhabitants. After the application was filed, the circuit court was not in session until June 22, 1931. Relator, on that date, asked respondent to pass on the application for a change of venue. Respondent refused to do so and ordered subpoenas to be issued and directed to the affiants, who had signed the affidavits in support of the application, commanding them to appear before the circuit court on June 29, 1931, for the purpose of being examined with reference to the affidavits. Thus far the facts are not in dispute.

On June 24, relator, by his attorney, J. Grant Frye, again called upon respondent to pass upon the application and to either grant or refuse the same. What transpired from then on respondent has embodied in his return to our preliminary rule. The transcript of the court reporter reveals the following:

"Be it remembered that the application for change of venue in the above entitled cause being called up for disposition by attorney for defendant on this 24th day of June, 1931, same being the regular April term of said court, the following proceedings were had, to-wit:

"Mr. Frye: Mr. Sawyer is in the court room. I wanted to take up the application for change of venue filed on June 6th, a change from the inhabitants, and ask the court at this time to pass on that application.

"By the Court: I am not ready to pass on it. I have let the record show that the application was submitted, and the court ordered those affiants subpoenaed, and that is the status, as the court understands, of that case.

"Mr. Frye: May I call the court's attention to the statute?

"By the Court: Yes, I am familiar with the statute.

"Mr. Frye: I will have to assume so, but I would like to read a portion of it which the court doesn't appear to be familiar with. We filed this application with five affidavits and Section 3630, Revised Statutes 1929, among other things, provides:

"'Provided, in all cases in counties in this State which now have or may hereafter have a population of less than seventy-five thousand inhabitants if such petition for change of venue is supported by the affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county where said cause is pending, then the court or judge in vacation, shall grant such change of venue, as of course, without additional proof.'

"That is the section and clause under which we make this application. The court is treating it as though we had only two affying

witnesses. Under such circumstances I am not saying the court couldn't do the very thing it is attempting to do here, but the statute here says expressly when we support this application with five affidavits then the court shall, as a matter of course, grant the change of venue. That is what we have done.

"BY THE COURT: Your position is that it seals up the court's judgment or discretion and all it can do is sit here like a knot on a log and grant the change of venue.

"MR. FRYE: If the affidavits are in proper form.

"BY THE COURT: Suppose the court doesn't think it is in proper form?

"MR. FRYE: Then the court is under duty to overrule the application.

"BY THE COURT: I am going to take the other procedure, and we will see what the court wants to say about that.

"MR. FRYE: Does the court interpret the statute to mean the court can, after we file the five affidavits and take the position they are in due form, that the court can go out and investigate this matter?

"BY THE COURT: Well, if they were as good as they might be maybe not; but if there is some doubt in the court's mind as to the sufficiency of some of them, I don't know. The statute doesn't say the court shall not do it.

"MR. FRYE: I want to call the court's attention to the case of State v. Leo Spivey, 191 Missouri, I believe page 87. That was a case in which Mr. McKay was appointed to defend this man by Judge Riley.

"BY THE COURT: And they opposed the change of venue on the ground the witnesses were not credible people, and the Supreme Court said the Judge couldn't inquire into it.

"MR. FRYE: But the way I interpret the case—at the time the statute only required two, whereas it now requires five—I interpret the case to mean the court cannot do more than either sustain the application or overrule it.; that he could not go out and investigate the matter.

"BY THE COURT: We are just wasting our time. I don't know what the court will do and don't care. I have found out the upper court changes their mind, changes their opinion and changes their ruling just about as often as they take a notion to. So far as I know, I don't know of any case just like I have before me in this case. Now, I am going to examine those affiants, if I live, and am going to have the reporter put it down, and I don't know whether the Supreme Court will pass on it or throw it aside or what, but I know that much, that I am going to do.

"MR. FRYE: I want the record to show at this time the defendant withdraws his application for change of venue filed, asking to remove this cause from the county.

"BY THE COURT: Let the record show the court will refuse to permit counsel to do it. The court is going to pass on that proposition.

"MR. FRYE: Note our exception to that procedure and that ruling.

"BY THE COURT: I will just do that once anyway. In this proceeding the record will show it is opened by counsel for defendant and the defendant being present and counsel insisting on the court passing on the application for change of venue from the county as submitted last Monday, June 22nd, and the court declines to do that until the court reaches an opinion and judgment in the case.

"MR. FRYE: The court is refusing to let us withdraw the application?

"BY THE COURT: Yes, the court refuses to let you withdraw the application at this time for the reason the court ordered those affiants to be subpoenaed and to appear in court to give further or additional testimony as to the affidavits.

"MR. FRYE: Note our exception.

"BY THE COURT: Let the record show that by reason of counsel, both for the State and defendant being engaged in other business and cannot be here tomorrow, the return day, that the matter is passed until June 30th.

"MR. FRYE: Note an exception. Now, if the court please, I desire to present at this time an application for change of venue from the court.

"BY THE COURT: All right, let it be filed.

"MR. FRYE: And ask the court at this time to take the matter up.

"BY THE COURT: The court declines to take the matter up until it passes on the matter that has been submitted to it.

"MR. FRYE: Note our exception to that.

"E. F. McClintock,
"Court Reporter."

Respondent's position in this matter may be gathered from the return filed, wherein he says:-

"6th. Respondent alleges that this is not a proceeding like disqualifying the Judge, where the affidavit filed of the Judge being biased and prejudiced is conclusive and not a subject of inquiry, because the statute makes the filing of such an affidavit the disqualifying of the Judge, and the truth of such an affidavit, of course, is not open for judicial investigation. But the application for a change of venue from the county by reason of the prejudice of the

inhabitants is a fact to be determined by the court, and that fact should be determined by the court and the affidavits filed are not necessarily conclusive and binding, but the fact still remains a fact to be inquired into by the court, and the truth or lack of truth as to what the affiants say may be inquired into.''

Respondent has evidently misinterpreted the meaning of Section 3630, Revised Statutes 1929, and in particular, the amendment made by the Legislature in 1921, and decisions of this court with reference thereto. If, as respondent contends, the existence of prejudice, on the part of inhabitants of the county, is a fact to be determined by the court on an inquiry by oral evidence of witnesses, even though the application for a change of venue is in proper form and supported by five affidavits, as provided for by Section 3630, then the amendment of 1921 is rendered entirely nugatory and of no effect. The Legislature evidently deemed it a sufficient showing of prejudice if five citizens, residing in different neighborhoods of a county of less than seventy-five thousand inhabitants, made affidavits to facts, showing such prejudice to exist. This court has expressly so held on several occasions. In a recent case, State v. Wilcox, 44 S. W. (2d) 85, it was said:

''Since the defendant in this case merely applied for a change of venue from Atchison County, the duty of the court to grant the change was mandatory, as the application and affidavits were sufficient. [State v. Smith, 281 S. W. 35; State v. Dyer, 314 Mo. 608, 285 S. W. 101.]''

See, also, concurring opinion of WHITE, J., in State v. Bedford, 285 S. W. l. c. 500, 314 Mo. 698.

The various provisions of Section 3630, supra, were held to be constitutional in a recent case, State v. McCann, 329 Mo. 748, 47 S. W. (2d) 95. Judge WHITE in commenting on the provision here in question said:

''The purpose of allowing a change of venue is to prevent a trial in a community where the prejudice of the inhabitants is such that the defendant cannot have a fair and impartial trial. The right to a fair trial is the same in all counties. The procedure is to ascertain whether or not such prejudice exists. Manifestly it would be easier of ascertainment in a county of small population than in a county of large population. The Legislature probably concluded that in a county of 75,000 or more such an application tenders an issue of facts which can best be proved by the evidence of witnesses produced in court. Evidently it was thought that in counties of less population an easier and less expensive method would give the court the necessary information. Five affidavits regarding conditions in five different parts of the county ought to furnish a fair basis for an estimate of the sentiment of the county.

"In order to prevent imposition and secure a fair estimate of the sentiment the statute provides that previous reasonable notice of the application shall be given the prosecuting attorney, so that he will have an opportunity to challenge the good faith of the application, to examine each affidavit, to learn the character of each affiant and his opportunity to know the situation in the community about which he swears."

The prosecuting attorney may make an investigation and, if in fact the application and affidavits do not comply with the provisions of the statute in question, as for example, if one or more of the affiants do not live in the county, or if all of the affiants live in the same neighborhood of the county, he, the prosecuting attorney, should call that to the attention of the trial court. But let us not be misunderstood. If the application is in due form, supported by five affidavits, as the statute provides, it is mandatory upon the court to grant the change of venue. The five affidavits are conclusive of the fact that prejudice exists against the defendant. The statute says: "—then the court or judge in vacation, shall grant such change of venue, as of course, without additional proof."

It is evident, from the record in this case, that the purpose of respondent in, *sua sponte,* subpoenaing the affiants, was to make inquiry and ascertain if in fact any prejudice existed in the county against defendant. By virtue of the statute in question, respondent, as judge of the circuit court, had no authority to make such an inquiry. The question, before the court, was on the application for a change of venue. If the court deemed it sufficient, under the statute, the change of venue should have been granted; if insufficient the application should have been denied. We are not expressing any opinion as to the sufficiency of the application and affidavits, because that question is not before us in this proceeding. We refer the reader, who is interested, as to what is necessary to constitute sufficient affidavits, to the following cases: State v. Tummons, 34 S. W. (2d) 122; State v. Parker, 24 S. W. (2d) 1023, 324 Mo. 734; State v. Stough, 2 S. W. (2d) 767, 318 Mo. 1198; State v. Hancock, 7 S. W. (2d) 275.

The respondent in this case, as judge of the circuit court, exceeded his jurisdiction by, *sua sponte,* ordering subpoenas for the affiants and by threatening to hold an inquiry to determine the fact of whether prejudice in fact existed in the county against defendant. Prohibition is, therefore, the proper remedy. [State ex rel. v. Jones, 202 S. W. l. c. 1122 (4); State ex rel. v. McQuillin, 165 S. W. l. c. 716, (7); State ex rel. v. Miller, 289 S. W. l. c. 903, 904 (7) (8, 9).]

Under the circumstances in this case, we deem the remedy sought, proper. Our preliminary rule in prohibition, is hereby made per-

manent, prohibiting respondent from holding a hearing, as threatened. Respondent, however, may proceed with the case in a manner not inconsistent with this opinion. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by .WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.