**STATE of Missouri, Respondent,**

v.

**Hugh GORHAM, Appellant.**

No. 23542.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1962.

William B. Kelleher, St. Louis, for appellant.

James T. Riley, Jefferson City, for respondent.

SPERRY, Commissioner.

Defendant, Hugh Gorham, was charged with common assault, under the provisions of Section 559.220, RSMo 1959, V.A.M.S. A jury was waived and the case was tried to the court, under Supreme Court Rule 26.01, V.A.M.R. The court found defendant guilty as charged, and assessed his punishment at a fine of $100.00. This appeal followed.

Mr. Hogan was the complaining witness. He testified to the effect that his home was in the city of Florissant, in St. Louis County, Missouri, where he had been a member of the council; that, on Feb. 14, 1961, a committee of the Missouri House of Representatives held a hearing at the capitol, in Jefferson City, Missouri, on pending legislation affecting the cities of Florissant and Bridgeton; that a group of residents and officials of the two cities, including witness, attended the hearing; that, following the hearing, in the corridor, he encountered Mr. Mohan, who was a member of the council of Florissant and had attended the hearing as a member of a delegation advocating views on the proposed legislation contrary to the views of witness; that Mohan berated him because of the views he expressed to the committee; that they walked down the corridor until they were in front of the office of a member of the committee, where a group of the delegates had congregated and were standing; that defendant and others of that group made in-

sulting remarks to Mr. Hogan, from time to time; that defendant would occasionally approach him and make a sarcastic remark; that, as Mohan was "standing up" to witness and making insulting remarks to him, defendant circled around in back of Mohan and aimed a kick at witness' crotch; that witness ducked and the blow struck him on the inside of the left thigh causing an abrasion; that witness had previously opposed promotion of defendant's relative as a member of the police department of Florissant; that, after the kicking, Mr. Koch, mayor of Florissant, put his arms around defendant and pushed and urged him away from witness; that Mohan said, "Now find someone that saw that"; that a man with whom witness was unacquainted talked to witness about the occurrence; that witness never made any aggressive move toward defendant; that, after the kicking, defendant again made a "lunge" toward him as though he intended striking him. Mr. Hogan identified pictures of his leg, taken the next day after the above occurrences. They showed a large dark abraded area high up, near the crotch, on the inside of his thigh.

Mr. Swantner, marshall of Bridgeton at the time of the alleged assault and at the time he testified, stated that he was present and saw and heard the disturbance; that he heard a man whom he believed to be from Florissant say "I am going to hit him in the mouth"; that he saw some one kick Mr. Hogan; that Hogan asked if anyone saw the kick and that Mohan said; "No, he never kicked you, you S.B. Try to find somebody that did".

Mr. Buschard was with the delegation from Bridgeton but not a city official. He stated that he saw Mohan, Hogan, and Gorham, in the corridor of the Capitol; that there was a struggle or scuffle and mayor Koch moved in; that Gorham "kicked around the mayor"; that he kicked Mr. Hogan; and that Mr. Hogan never attempted to strike defendant.

Defendant admitted being present at the hearing and in the corridor thereafter, but denied kicking Mr. Hogan. The mayor and other city officials of Florissant were called by defendant. All admitted witnessing a disturbance but none saw defendant kick Hogan.

At the conclusion of the evidence the court, on its own motion and without any request, gave two instructions dealing chiefly with the weight of testimony, credibility of witnesses, presumption of innocence and reasonable doubt. Defendant made no request for findings of fact or conclusions of law but objected to the court's giving the "three instructions of the court which are not numbered".

In his motion for new trial defendant presented but one point: that the court erred in failing to give an instruction "dealing with and defining the defense of self-defense, and in failing to declare that the defense of self-defense was the law applicable to this cause * * *".

■ Defendant filed no brief. We will consider formal parts of the record and valid assignment of error made in the motion for new trial. State v. Kaufman, (Mo. App.) 308 S.W.2d 333, 335; Supreme Court Rule 28.02, and note.

■■ The information is sufficient. The instructions properly declare the law in so far as the law is stated. There was no evidence in the case tending to prove that defendant acted in self-defense. All of the positive testimony concerning Mr. Hogan's actions and conduct is to the effect that he made no effort to strike or assault defendant, or any other person; and defendant's own testimony was to the effect that he did not kick or attempt to attack Hogan, not that he did so in self-defense. Defendant's other witness stated that they did not see defendant kick Hogan and none said that Hogan attempted to commit an assault by word or action. The issue of self-defense was not in the case. The sole issue was whether or not defendant kicked Hogan; and the court, with ample evidence

to support its finding, found defendant guilty. It was not error for the court to fail to instruct, or to declare the law on self-defense. It was only necessary to instruct on the issues presented by the evidence in the case. State v. Dyer, 314 Mo. 608, 285 S.W. 101, 102; 23A. C.J.S. Criminal Law § 1190, page 476.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.