**STATE of Missouri, at the relation of James Leon JOHNSON, Relator,**

**v.**

**Honorable G. Derk GREEN, Judge of the Ninth Judicial Circuit of Missouri, Respondent.**

**No. 54247.**

Supreme Court of Missouri,
En Banc.

April 24, 1970.

James J. Wheeler, Keytesville, for relator.

Jack Lukehart, Brunswick, for respondent.

CHARLES SHANGLER, Special Judge.

This is an original proceeding in prohibition.

Relator, James Leon Johnson, was charged by information filed in the Magistrate Court of Chariton County with driving a motor vehicle while intoxicated. He pleaded not guilty and the case was set for trial. Prior to trial, relator filed his affidavit for "change of venue" because of the bias and prejudice of the Magistrate. As it did not seek a change in the place of trial, but only the disqualification of the Magistrate, the affidavit was actually one for change of judge, rather than venue. The affidavit was sustained and, as there was no other Magistrate in the county, the case was transferred to the Circuit Court of Chariton County for trial, as provided by Sec. 517.520(1), V.A.M.S.

The case was set for trial in the circuit court. Prior to trial date, relator filed his notice, application for change of venue and disqualification of judge, with supporting affidavits. The change of venue was premised upon the prejudice of the inhabitants of Chariton County against relator. The change of judge was sought because of the prejudice of the Circuit Judge. The application was denied in each particular, the case was reset, and this proceeding in prohibition ensued.

Relator contends that the Circuit Judge had no jurisdiction to proceed with the trial after the timely filing of a proper application for change of venue and disqualification of judge, with supporting affidavits. Whether the disqualification of the Magistrate, whereby the case was certified to the circuit court for trial, exhausts the right of relator to have the Circuit Judge disqualified is briefed and presented by the respondent as the only issue raised. In fact, there is another. The additional question presented (which we consider first) is whether the respondent judge exceeded his jurisdiction by denying relator's fully supported application for change of venue from Chariton County because of the prejudice of the inhabitants. We conclude that he did.

Although respondent's return to the provisional writ of prohibition alleges that "defendant James Leon Johnson had previously been granted a change of venue and that under the applicable rules and statutes said defendant was not entitled to a second change of venue", it is clear from the record that the relator had not been previously granted a change of venue, but rather, a change of judge. This use by respondent of "change of venue" to mean change of judge, rather than the change of

the place of the trial for the action, is a solecism undoubtedly engendered by the indiscriminate reference of one for the other in the statutes and rule of court governing such proceedings in misdemeanor cases pending in a magistrate court. State ex rel. McAllister v. Slate, 278 Mo. 570, 214 S.W. 85, 87, 8 A.L.R. 1226; State v. Mitts, Mo., 29 S.W.2d 125, 126. Thus Criminal Rule 22.05, V.A.M.R. and Sec. 543.160, V.A.M.S., which it supersedes, and Sec. 517.-520, V.A.M.S., to which they both refer, all deal with "change of venue" in misdemeanor cases before a Magistrate. Yet, the subject matter of the rule and statutes cited encompasses not only a change of the place of trial, but also a change of the judge before whom the trial is to be conducted. Ordinarily, we would have accepted, without taking further notice, respondent's misnomer with some assurance of the meaning intended to be conveyed by its use. In this proceeding, however, respondent's challenged order involves the denial not only of the relator's application for a change of judge, but for a change of the place of the trial as well. Respondent seems to be unaware of this, or if aware, nevertheless uses "change of venue" to mean change of judge only.

■ In any event, a defendant in "any criminal case pending in any circuit court", upon proper showing, may have one change of venue and one change of judge for prejudice in the same case. Criminal Rules 30.01, 30.07, and 30.12, V.A.M.R.; State v. Myers, 322 Mo. 48, 14 S.W.2d 447. Compare also: State v. Underwood, 57 Mo. 40 and State v. Gates, 20 Mo. 400. A timely application for change of venue from a county, such as Chariton County, with a population of less than 75,000 inhabitants, if supported by the affidavits of at least five "credible, disinterested citizens residing in different neighborhoods" of that county must be granted as of course without additional proof. Criminal Rule 30.04, V.A.M.R.; Sec. 545.490, V.A.M.S. No issue is here raised as to the timeliness, form or sufficiency of the relator's application for change of venue and supporting affidavits. Therefore, the duty of the respondent judge to grant the change of venue was mandatory and he exceeded his jurisdiction when he refused to do so. State v. Dyer, 314 Mo. 608, 285 S.W. 101, 102 [1]; State ex rel. Sawyer v. Kelly, 330 Mo. 143, 48 S.W.2d 864, 865 [1]. As the prejudice alleged in the application is confined to the inhabitants of Chariton County, the removal of the cause will be to another county within the same judicial circuit respondent serves. Criminal Rules 30.01 and 30.04, V.A.M.R.; State v. Bailey, 344 Mo. 322, 126 S.W.2d 224, 228 [6].

The question remains whether relator's application for and grant of a "change of venue" in the magistrate court as to the charge pending against him there completely expended his right to a disqualification of the Circuit Judge to whom the cause was certified because of the initial disqualification. Respondent maintains that it does. He says that despite its certification to the circuit court, the case should be treated as though still pending before a Magistrate, and having been accorded one disqualification of a Magistrate, he is forbidden another by the express terms of Sec. 517.550, V.A.M.S.

In deriving this postulate, respondent points to the provisions of Criminal Rule 22.05, V.A.M.R., by which the procedure for change of venue[1] from magistrate courts in civil cases is made to govern change of venue in misdemeanor cases before magistrate courts. Sec. 517.520, V.A.M.S., delineating that procedure, provides "(u)pon the filing of the affidavit in due time, requesting change of venue, the mag-

---

1. Once again we note the solecistic use made of "change of venue", not only in Criminal Rule 22.05, but also in Secs. 543.160, 543.170 and Secs. 517.510 through 517.560, all of which define and govern the procedure in magistrate courts not only as to the change of the place for trial, but change of judge as well. The meaning intended here, obviously, is change of judge.

istrate must allow the change of venue * * * and immediately transmit * * a transcript of all of his orders in the case to some competent magistrate in the county * * * or in the event there is no other magistrate in the county, the case shall be certified to the circuit court for trial as if originally filed in the circuit court." Thus, respondent reasons, had there been more than one Magistrate in Chariton County, the case, necessarily, would have been transferred to him and it is only the circumstance that there was not which resulted in the certification of the cause to the circuit court. Respondent crowns his argument: "It would appear, in this case, the Circuit Judge is in effect the same as a second Magistrate would be in a County where there is more than one Magistrate."

■ Respondent's position is not tenable because no matter how adventitiously the circuit court acquired its jurisdiction over the misdemeanor, when it was certified to that court, it became a "criminal case pending in (a) circuit court" within the meaning of Criminal Rule 30.12. The defendant thereupon was entitled, unconditionally, to not more than one disqualification of judge *in the circuit court* because of interest or prejudice. Criminal Rule 30.12.[2] This conclusion is consistent with the clear intendment of Sec. 517.520, previously more fully cited, which prescribes that "the case shall be certified to the circuit court for trial *as if originally filed in the circuit court*". (Emphasis added.) A criminal case originally filed in the circuit court is, obviously, a "criminal case pending in (a) circuit court" entitling the relator to the single circuit court disqualifi-

cation of judge for interest or prejudice in the manner described in Criminal Rule 30.12. Any disqualification of judge previously allowed on that ground in magistrate court prior to certification, therefore is made irrelevant.

The certification of the case was to a circuit court and not to another magistrate. The Circuit Judge was not "in effect the same as a second Magistrate", nor were they judges of the same court either nominally or effectively. Respondent's notion that they were, so that the disqualification of the magistrate precluded the subsequent disqualification of the circuit judge on the same ground, is entirely fanciful. Upon certification, the case took on the character of a case "originally filed in the circuit court". The rule and statutes governing "change of venue" of cases in the magistrate court gave way to those governing that procedure in the circuit court.

In support of his position, respondent has cited State v. De Shon, 334 Mo. 862, 68 S.W.2d 805; State v. Wagner, 311 Mo. 391, 279 S.W. 23 and State v. Callaway, 154 Mo. 91, 55 S.W. 444. All these cases involve criminal actions pending in the circuit court wherein the defendants, having been allowed one disqualification of judge for bias and prejudice, were not allowed a second one. In State v. De Shon, supra, the defendant attempted to disqualify all three judges of the circuit court under the same statute construed in the Wagner case which statute, unlike Criminal Rule 30.12, did not expressly limit the applicant to only one disqualification of the trial judge for prejudice nor limit the affidavit of disqualification to only one of

2. Criminal Rule 30.12 provides, in cases of disqualification of judge for interest or prejudice, that: *"Only one* such affidavit may be filed by the same party *in the same case* and such affidavit shall be made as to only one of the judges of said court."* (Emphasis added). In cases of certification from the magistrate court, we understand "in the same case" to refer to the "criminal case pending in (a)

circuit court" and not to the antecedent magistrate court status of the case. This is because, Sec. 517.520 requires a certified case to be tried "as if originally filed in the circuit court." A defendant in a "criminal case pending in any circuit court", upon proper showing, is also entitled to not more than one change in the place of trial "in any case". Criminal Rules 30.01 and 30.07.

the judges of the court. Defendant, nonetheless, was held entitled to the disqualification of only one judge. We are unable to understand how these holdings advance respondent's position or are suitable to the rationale he presents. Rather, they are entirely consistent with our view of the matter.

The respondent judge exceeded his jurisdiction when he denied the relator's application to disqualify respondent because of prejudice.

Our provisional rule in prohibition is made absolute and respondent is prohibited from taking any further action in this case except to enter appropriate orders changing the venue of the action to another county of the circuit and disqualifying himself herein, and concurrently to call in another circuit judge to sit in the cause or request the Supreme Court to transfer a judge to try the cause.

All concur.