**STATE of Missouri ex rel. George Edward OSWALD et al., Relators,**

v.

**The Honorable Winston V. BUFORD, Judge of the Circuit Court of Carter County, Missouri, Respondent.**

**No. 9908.**

Missouri Court of Appeals, Springfield District.

Jan. 27, 1975.

Wendell W. Crow, Ford, Ford, Crow & Reynolds, Kennett, for relators.

Leland W. Negaard, Pros. Atty., Van Buren, for respondent.

PER CURIAM:

This is an original proceeding in prohibition. Relators sought to prohibit the respondent-judge from proceeding in three criminal cases wherein relators, as defend-

ants, were charged with (1) taking deer in closed season and (2) hunting deer by illegal methods.

Informations containing the aforementioned charges were filed in the Circuit Court of Carter County on December 4, 1974, and trials of those causes were set for December 26, 1974. Relators' attorney notified the prosecuting attorney on December 13, 1974, of his intention to file applications for change of venue and to disqualify the judge. Three days thereafter and ten days before the cases were set for trial or on December 16, 1974, the applications were filed accompanied by affidavits of five Carter County residents relative to the change of venue applications. All applications were presented to the court on December 18, 1974, but the court did not rule them and remained adamant that the cases were going to trial on December 26, 1974, in Carter County before respondent. Relators then filed in this court their petition for writ of prohibition and we issued our preliminary writ for the following reasons.

Rules 30.04 (change of venue) and 30.12 (disqualification of judge) V.A.M.R., require that reasonable previous notice be given the prosecuting attorney of defendants' intention to file such applications and provide that the applications must be filed no later than five days before the case has been set for trial. If the application is filed in a county with less than 75,000 population and accompanied by "affidavits of five or more credible, disinterested citizens," Rule 30.04 directs that the change of venue shall be granted by the court as a matter "of course without additional proof." We have ascertained from the last or 1970 Census of Population, U. S. Department of Commerce—Bureau of the Census, that Carter County has a population of less than 75,000. § 1.100 RSMo 1969, V.A.M.S.

■ A defendant in any criminal case pending in any circuit court, upon proper showing and application, may have one change of venue and one change of judge for prejudice in the same case. State ex rel. Johnson v. Green, 452 S.W.2d 814, 816[1] (Mo. banc 1970).

■ The three days' previous notice of relators' intention to apply for a change of venue and for disqualification of the judge "was more than that required by Rule 30.-04" [State v. Scott, 484 S.W.2d 175, 177 [2] (Mo.1972)], and was "more than reasonable" under Rule 30.12. State v. Bunton, 498 S.W.2d 67, 69[2] (Mo.App.1973).

■ When no issue is raised or determined adversely to defendant in a criminal case as to the timeliness, form or sufficiency of his applications and supporting affidavits, the duty of the judge to grant the change of venue and disqualification is mandatory and he exceeds his jurisdiction when he refuses to do so and subjects himself to superintending control by way of prohibition. State ex rel. Johnson v. Green, supra, 452 S.W.2d at 816 [change of venue]; State ex rel. McNary v. Jones, 472 S.W.2d 637, 640[6] (Mo.App.1971) [disqualification of judge]; State v. Sullivan, 486 S.W.2d 474, 476[5] (Mo.1972).

■ Precisely, our preliminary writ prohibited the respondent-judge from "proceeding or attempting to proceed in any one or all of said causes [against relators] until the further order and final judgment of this court, excepting, nevertheless, you may, upon your own election, enter appropriate orders changing the venue in each said cause and disqualifying yourself in each said cause." We are now reliably advised and informed that on January 16, 1975, respondent issued and entered orders in each of the three concerned cases disqualifying himself therein and changing the venue therein by removing said causes to the Circuit Court of Butler County. This being so, issues respecting the applications for changes of venue and respecting respondent's disqualifications to preside at the several trials have become moot. Consequently, the original prohibition proceeding herein against respondent is dismissed. State ex rel. Kansas City Public Service Co. v. Waltner, 350 Mo. 1021, 1041, 169 S.W.2d 697, 706[24] (1943).

All concur.