**STATE of Missouri ex rel. Robert E. BULLINGTON, Relator,**

v.

**The Honorable Donald L. MASON, Judge of the Circuit Court of Jackson County, Missouri, Eleventh Division, Respondent.**

No. 61610.

Supreme Court of Missouri, En Banc.

Feb. 11, 1980.

James J. Cook, Asst. Pros. Atty., Gail Gaus, Clayton, for relator.

Richard H. Sindel, St. Louis, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION.

SEILER, Judge.

■ This is an original action in prohibition. Relator seeks to make absolute the preliminary writ of prohibition granted by the court of appeals, which prohibits respondent from entering an order which would overrule relator's motion to sever a capital murder count from other counts charged against him. This action was originally filed in the Court of Appeals, Western District, but was transferred here under Rule 83.06. The Court has jurisdiction over this case under its authority to determine original remedial writs. Mo.Const. art. V, § 4.

Relator was tried on October 13, 1978 for capital murder, kidnapping, armed criminal action, two counts of flourishing a dangerous and deadly weapon, and burglary. Respondent thereafter granted relator's motion for a new trial on February 13, 1979, on grounds unrelated to the issue presented here. Prior to the new trial, relator filed a motion to sever the capital murder count from the other counts charged against him, as severance is mandated by Rule 24.04(a), which had taken effect on January 1, 1979, and requires that "no capital murder may be charged in the same indictment or information with any other offense."[1] Respondent informed relator's attorney that he would overrule relator's motion to sever.

Relator then filed a petition in the court of appeals for a preliminary writ of prohibition and a stop order on May 17, 1979. The court of appeals issued a stop order on May 17, 1979, and thereafter issued a preliminary writ of prohibition.

■ Article V, § 5 of the Missouri Constitution provides in part that "[t]he supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, *which shall have the force and effect of law.*" Mo. Const. art. V, § 5 (emphasis added). Rule 36.01 provides that the Court's rules of criminal procedure "govern the procedure in all criminal proceedings in all the courts of the State of Missouri . . . ." A trial court has a duty to enforce these rules. *Bank v. Pfeil,* 537 S.W.2d 680, 681 (Mo.App. 1976). In *State ex rel. Johnson v. Green,* 452 S.W.2d 814, 816 (Mo. banc 1970), this court held that a judge exceeded his jurisdiction when he refused to grant a change of venue under Rule 30.04 where *no* issue was raised as to the timeliness, form or sufficiency of the relator's application for change of venue and supporting affidavits. Prohibition will lie to compel a trial judge to comply with our rules of court. *Id.*

At the onset, respondent contends, without citing any authority, that relator's action in prohibition is improper on the ground that relator has an adequate remedy by appeal. The general rule was stated in *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54, 58 (Mo. banc 1974): "Although prohibition cannot be substituted for an appeal, the right of appeal must be a full and adequate remedy before its availability will preclude resort to prohibition." Recently, this court addressed the question of whether appellate review is a "full and adequate remedy" when the defendant's claim seeks

---

1. Rule 24.04(a) provides:

    "All capital murder offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indictment or information. Each such capital murder shall be charged in a separate count. With that exception, *no capital murder may be charged in the same indictment or information with any other offense.*" (emphasis added).
    Rule 24.04(a) is now Rule 23.05(a), effective January 1, 1980. See Missouri Rules of Court, 11th Ed. (1980), p. 88.

to prevent a trial from taking place at all in *Weaver v. Schaaf,* 520 S.W.2d 58 (Mo. banc 1975). In *Weaver,* we found that "to require a defendant with a valid claim of former jeopardy to undergo the pressures and rigors of trial before he is able to bring his claim before an appellate court does not afford adequate protection of the right to be free from double jeopardy." 520 S.W.2d at 67.

■ In the case at bar, relator seeks to prevent a trial from taking place in violation of Rule 24.04(a). There is no dispute as to whether this rule applies to relator's trial on a capital murder charge or whether the rule was in effect as of the date set for trial. Nor is there any dispute as to what the rule requires. Respondent refuses to comply with the rule on the ground that the rule is unconstitutional. To require relator, who has a valid claim to the protection provided him under Rule 24.04, to undergo the pressures and rigors of a second trial before he is able to bring his claim before an appellate court does not afford adequate protection and the remedy available through appeal, as in *Weaver,* is inadequate and will not preclude resort to prohibition.

Respondent refuses to comply with Rule 24.04(a) on the grounds that the rule is in conflict with Mo.Const. art. I, § 14. Respondent contends that this provision guarantees the state access to the courts to seek right and justice, and that the rule may deny the state this access in light of the asserted possibility that collateral estoppel would bar a later trial on the other counts if relator were acquitted of capital murder at the separate trial on the capital murder count under the authority of *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

■ There is no defense of collateral estoppel asserted so far as the present capital murder charge is concerned. Whether collateral estoppel, depending upon what facts appear in the capital murder trial and the outcome thereof (none of which we have before us, of course, as the trial has not yet occurred), might be available to defendant in some other trial on a different charge is not anything we can or should decide at this time. In any event, collateral estoppel, which "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit," *Ashe v. Swenson,* supra, at 443, 90 S.Ct. at 1194, does not mean that Rule 24.04(a) is thereby unconstitutional as somehow closing the courts to the state. Respondent would have us read Article I, § 14 as granting the state additional powers in the prosecution of its citizens and exempting it from the general rule stated above.

Article I, § 14 is a provision in the Bill of Rights portion of the Missouri Constitution. This provision reads:

"That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay."

■ Even if we were to assume that the state is within the meaning of "person" as used in Article I, § 14 (see *State ex rel. Brentwood School District v. State Tax Commission,* 589 S.W.2d 613 (Mo.1979), holding that governmental units are not persons within the protections of the federal constitution), we have held that this provision "was never intended to create rights, but merely to *protect citizens* in enforcing rights recognized by the law, without discrimination." *Schulte v. Missionaries of La Salette Corporation,* 352 S.W.2d 636, 641 (Mo.1961) (emphasis added). The purpose of the portion of Rule 24.04(a) under consideration is to protect citizens from unfair prejudice in criminal trials. It in no way is in conflict with the above provision in the Missouri Bill of Rights.

More than anything else, however, respondent's counsel disputes the desirability of Rule 24.04(a). Whether or not the rule is desirable as a matter of policy is not an issue in prohibition.

■ Rule 24.04(a) is constitutional and the judge exceeded his jurisdiction when he

refused to comply with the rule. Accordingly, the preliminary writ of prohibition, which prohibits respondent from entering an order which would overrule relator's motion to sever the capital murder count from other counts, is made absolute.

All concur.